

FILED by CTS D.C.
ELECTRONIC
Dec. 14, 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **10-81586-Civ-Marra/Johnson**

ANTHONY V. LATERZA,

    Plaintiff,

vs.

LOWE'S HOME CENTERS, INC.,
a North Carolina Corporation,

    Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Anthony V. Laterza, hereby sues Lowe's Home Centers, Inc., and in support states the following:

### Parties, Jurisdiction and Venue

1. Plaintiff is an individual, who at all material times was a resident of Palm Beach County, Florida.

2. Upon information and belief, Defendant is a North Carolina corporation that is registered to conduct business in Florida, and that does conduct business in Palm Beach County, Florida.

3. This Court has jurisdiction over this matter as it involves a federal question arising under the First Amendment to the United States Constitution, and seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*

4. This Court has jurisdiction over the parties as Defendant conducts substantial business in Palm Beach County, Florida, within this District.

5. Venue is proper in this Court pursuant to: (a) 28 U.S.C. § 1391(b)(2), as the acts giving rise to this action occurred in Palm Beach County, Florida; and 28 U.S.C. § 1391(c), as Defendant is subject to personal jurisdiction in this District.

## COUNT I – DECLARATORY JUDGMENT

6. Defendant owns and/or operates a retail store located at 401 North Congress Avenue, Lake Park, Palm Beach County, Florida.

7. Defendant's retail store is generally open to the public and Defendant invites the public to enter its retail store.

8. Defendant's retail store is adjacent to a large parking lot ("the parking lot") that has open access from the street.

9. There are no signs limiting access to the parking lot.

10. There are no signs that advise that only Defendant's customers may enter or remain in the parking lot.

11. On or about August 3, 2010 Plaintiff entered Defendant's retail store and transacted with Defendant for the purchase and installation of certain hurricane impact doors at Plaintiff's residential property.

12. Defendant failed to deliver or install the doors as ordered.

13. In or about early November, 2010 Plaintiff went to Defendant's retail store to discuss the matter with representatives of Defendant's management.

14. Defendant's representative refused to return the money Plaintiff had paid for the hurricane impact doors.

2

15. Plaintiff was dissatisfied with Defendant's response to his complaint.

16. On or about November 5, 2010 Plaintiff entered the parking lot and displayed a sign voicing his displeasure with Defendant's handling of his complaint.

17. The sign Plaintiff displayed did not contain profanity or threatening words.

18. While in the parking lot, Plaintiff did not act violently and did not threaten anyone with violence.

19. While in the parking lot, Plaintiff did not distribute literature, handbills, or any other materials.

20. While in the parking lot Plaintiff did not act in a loud or abusive manner toward Defendant or any of Defendant's other customers.

21. At all times Plaintiff was engaged in the peaceful exercise of his right of free speech, as guaranteed by the First Amendment to the United States Constitution.

22. Upon information and belief, a representative of Defendant contacted the local police department and requested that law enforcement authorities remove Plaintiff from the parking lot.

23. At or about 12:30 pm on November 5, 2010 Plaintiff was approached by uniformed deputies of the Palm Beach County Sheriff's Office ("PBSO").

24. PBSO advised Plaintiff that Defendant had authorized PBSO to remove Plaintiff from the parking lot.

25. PBSO ordered Plaintiff to cease his peaceful protest and to immediately leave the parking lot.

26. PBSO advised Plaintiff that if he did not comply with their order, Plaintiff would be arrested.

27. PBSO advised Plaintiff that Defendant had "trespassed" him from the property, and that Plaintiff was no longer permitted to enter the parking lot or Defendant's retail store, and that if Plaintiff did so, he would be arrested.

28. By causing PBSO to remove Plaintiff from the parking lot, Defendant has denied Plaintiff his First Amendment right to free speech.

29. Defendant was not justified in denying Plaintiff's First Amendment right of free speech.

30. Plaintiff wishes to continue exercising his right of free speech in the parking lot, but he faces arrest by PBSO should he attempt to do so.

31. As a result, there exists an actual case or controversy as to whether Defendant may lawfully deny Plaintiff the right to exercise his right of free speech, and as to whether Defendant can cause Plaintiff to be arrested should Plaintiff attempt to exercise that right in the parking lot in the future.

32. This Court is therefore empowered to render a declaratory judgment defining the rights of the parties, pursuant to 28 U.S.C. § 2201, *et seq.*

WHEREFORE, Plaintiff respectfully requests that this Honorable Court render a declaratory judgment defining the rights of the parties and specifically deciding that Plaintiff has a First Amendment right of free speech to continue his peaceful protest in the parking lot; that Defendant may not infringe upon Plaintiff's right to peacefully protest in the parking lot; that the "trespass warning" issued to Plaintiff by PBSO is unlawful and therefore of no force or effect; and to award such other relief it deems just and proper.

DATED: 12/14/10

Anthony V. Laterza, *pro se*
4371 North Lake Boulevard #126
Palm Beach Gardens, FL 33410