UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81586-CIV-MARRA/JOHNSON

ANTHONY V. LATERZA,

Plaintiff,

vs.

LOWE'S HOME CENTERS, INC.,
a North Carolina Corporation,

Defendant.
_____/

## OPINION AND ORDER GRANTING JUDGMENT ON THE PLEADINGS

This cause is before the Court upon Defendant Lowe's Home Centers, Inc.'s Motion for Judgment on the Pleadings (DE 10) and Motion to Stay Discovery and Stay Compliance with Order Requiring Counsel to Confer, File Joint Scheduling Report and File Joint Discovery Report (DE 11).  The motions are fully briefed and ripe for review.  The Court has carefully considered the motions and is otherwise fully advised in the premises.

I.  Background

On December 14, 2010, Plaintiff Anthony Laterza ("Plaintiff") filed a Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 against Defendant Lowe's Home Centers, Inc. ("Defendant"). (DE 1.)  According to the allegations of the Complaint, Defendant owns and operates a retail store located in Lake Park, Florida. (Compl. ¶ 6.)  The store is "generally open" to the public and is adjacent to a large parking lot that has open access from the street. (Compl. ¶¶ 7-8.)  There are no signs limiting access to the parking lot nor are there signs advising that only Defendant's customers may enter or remain in the parking lot. (Compl. ¶¶ 9-10.)

On or about August 3, 2010, Plaintiff purchased hurricane impact doors from Defendant. (Compl. ¶ 11.)  Defendant failed to deliver or install the doors as ordered. (Compl. ¶ 12.)  In early November of 2010, Plaintiff returned to the store to discuss that matter, and Defendant's representative informed Plaintiff that Defendant would not return Plaintiff's money. (Compl. ¶¶ 13-14.)  Soon thereafter, on November 5, 2010, Plaintiff "entered the parking lot and displayed a sign voicing his displeasure with Defendant's handling of his complaint." (Compl. ¶ 16.)  The sign did not contain threatening or profane words and Plaintiff did not act violently or threatening while in the parking lot. (Compl. ¶¶ 17-18.)  Furthermore, Plaintiff did not act in a loud or abusive manner toward Defendant or any of Defendant's other customers and he did not distribute literature, handbills or any other materials. (Compl. ¶¶ 19-20.)

At about 12:30 p.m. on November 5, 2010, Plaintiff was approached by uniformed deputies of the Palm Beach County Sheriff's Office, who advised Plaintiff that Defendant had authorized them to remove Plaintiff from the parking lot. (Compl. ¶¶ 23-24.)  The deputies ordered him to leave the parking lot or face arrest. (Compl. ¶¶ 25-26.)  The deputies also informed Plaintiff that Defendant had "trespassed him" from the property and he was no longer permitted to enter the parking lot or the retail store, without facing arrest. (Compl. ¶ 27.)

By removing Plaintiff from the parking lot, Plaintiff asserts that Defendant has denied him his First Amendment right to free speech and he seeks a declaratory judgment to allow him to continue to exercise his right of free speech in the parking lot without facing the threat of arrest. (Compl. ¶¶ 28-32.)

Defendant moves for judgment on the pleadings, claiming that the First Amendment to the United States Constitution is a prohibition on government action and Plaintiff has no First

Amendment right to picket on Defendant's private property.  In addition, Defendant has filed a motion to stay discovery until a ruling has been entered on the motion for judgment on the pleadings.  In response, Plaintiff contends that he should be able to develop the facts of the case through discovery to prove any differences between the instant action and the cases cited by Defendant.

    II.  Legal Standard

"Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir.1996) citing Fed. R. Civ. P. 12(c). The Court must assume that all facts in the complaint are true and view those facts in a light most favorable to the non-moving party.  Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir.1998).  A motion for judgment on the pleadings can be granted only if the non-movant can prove no set of facts which would allow it to prevail. Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc., 404 F.3d 1297, 1303 (11th Cir.2005).

    III. Discussion

The Court begins its analysis with an overview of the controlling United States Supreme Court precedent addressing the application of the First Amendment to privately owned property. The Supreme Court first addressed this issue in Marsh v. Alabama, 326 U.S. 501 (1946). In Marsh, a Jehovah's Witness was convicted of criminal trespass for distributing literature without a license on a sidewalk of a company-owned town. The Court held that since running a city is a public function, it must be done in compliance with the United States Constitution, regardless of whether it is run by the government or a private entity.  Having found the requisite state action,

3

the Court held that the company town could not deny residents or visitors their First Amendment rights. Id. at 504-05.

Next, in Amalgamated Food Employees Union v. Logan Valley Plaza, 391 U.S. 308 (1968), the Court held that a privately owned shopping center could not exclude striking laborers from picketing a store within it. Relying on Marsh, the Court in Logan Valley stated that "the similarities between the business block in Marsh and the shopping center . . . are striking . . . . The shopping center here is the functional equivalent of the business district . . . involved in Marsh." Id. at 317-18.

Four years after the Logan Valley decision, the Court addressed another private shopping center case in Lloyd Corporation, Ltd. v. Tanner, 407 U.S. 551 (1972). There, the Court held that a privately owned shopping center could exclude anti-war protestors from distributing literature on its premises. In distinguishing Logan Valley, Lloyd noted that Logan Valley involved a labor protest related to the functioning of a store in the shopping center, whereas the speech in Lloyd involved an anti-war protest unrelated to the conduct of the business. Id. at 560-61.

Subsequently, in Hudgens v. N.L.R.B., 424 U.S. 507 (1976), the Court acknowledged that Lloyd had in fact overruled Logan Valley. In doing so, the Court affirmed that the holding in Lloyd controlled all regulations of speech at privately owned shopping centers, regardless of the subject matter of the speech. Id. at 518-20. Thus, the Court concluded that the First Amendment does not apply to privately owned shopping centers. Id. at 520-21.

Here, there is no dispute that Defendant is not a governmental entity. Indeed, the Complaint states that Defendant is a retail store with an adjacent parking lot. (Compl. ¶¶ 6-8.) Based on this fact, in conjunction with the controlling caselaw, particularly Hudgens, Plaintiff

4

has no First Amendment right to picket on Defendant's private property. As such, there is no actual case or controversy for this Court to resolve pursuant to 28 U.S.C. § 2201.

Nonetheless, Plaintiff contends that the instant motion should be denied because the caselaw relied upon by Defendant is distinguishable.  In its motion, Defendant cites to Geibels v. City of Cape Coral, 861 F. Supp. 1049 (M.D. Fla. 1994) and Publix Super Markets, Inc. v. Tallahasseans for Practical Law Enforcement, No. 2004 CA 1817, 2005 WL 3673662 (Fla. Cir. Ct. Dec. 13, 2005).  Of course, regardless of whether these cases are distinguishable, the Court has already determined that controlling United States Supreme Court precedent mandates a finding that Plaintiff has no right to picket on private property.  For the purposes of a complete record, however, the Court will examine these cases.

In Geibels, the plaintiff was arrested at a private marina which had leased a portion of its grounds to a group called the Desert Storm Rally Group for the purpose of holding a rally.  The plaintiff, who was not on the portion of the property leased to the Desert Storm Rally Group, sought to solicit petitions for political initiatives completely unrelated to the purpose of rally. After complaints were received about the plaintiff's activities, and the plaintiff refused to leave, the plaintiff was arrested for trespassing. Geibels, 861 F. Supp. at 1051.  After a jury trial, the court in Geibels held that the plaintiff had no First Amendment right to solicit petitions on the private property where he was arrested. Id. at 1052 citing Lloyd, 407 U.S. at 551.

In Publix, citizens solicited signatures from supermarket customers on private property owned or leased by the supermarket, which included the privately owned sidewalks in the shopping center and parking lots in front of the supermarkets, despite the presence of non-solicitation signs. Publix, 2005 WL 3673662 , at * 1-2.  The issue presented in that case was

5

whether the supermarket "which invites the public onto its premises primarily for the purpose of grocery shopping, has the right to exclude persons in a non-discriminatory manner where such persons seek to use the property for purposes other than shopping." Id. at * 2.  After a non-jury trial, the Court found that because the supermarket is "situated on privately owned property, and as there is no evidence of government control over such property, there is no State action in this case." Id. at * 3.  Hence, there is no First Amendment right to engage in free speech or other political activity on private property. Id. citing Lloyd, 407 U.S. at 569.

      According to Plaintiff, Geibels is distinguishable because the plaintiff in Geibels was "at the rally for a purpose completely unrelated to both the activities of the troop rally and completely unrelated to the marina at which the rally was held" whereas Plaintiff was at "Defendant's location . . . specifically to protest the activities of Defendant and how Defendant treats its customers in general, and [Plaintiff] specifically." (DE 15 at 2.)   The Hudgens decision, however, rejected this theory, finding instead that the First Amendment does not apply to privately owned shopping centers regardless of the content of the speech. Hudgens, 424 U.S. at 520.  Plaintiff also contends that Geibels was decided after a trial, whereas in this case Plaintiff has not had the opportunity to conduct discovery.  Significantly, Plaintiff has not suggested that discovery would demonstrate that his protest was not conducted on private property.  Nor could Plaintiff in good faith make that claim.  Thus, conducting discovery would serve no useful purpose.

      Equally unpersuasive is Plaintiff's attempt to distinguish the Publix case. Besides repeating the arguments made with respect to the Geibels case, Plaintiff states that there is nothing before this Court demonstrating that Defendant posted non-solicitation signs. (DE 15 at

4.) The Publix court rested its holding on the decision in Lloyd, and not on the presence of non-solicitation signs.

For the foregoing reasons, the Court grants Defendant's motion for judgment on the pleadings. Plaintiff's complaint fails to state a claim upon which relief can be granted as a matter of law. Allowing Plaintiff to amend his complaint would be futile. Plaintiff cannot in good faith claim that the parking lot in question was public, not private property. As a result, Defendant's motion to stay discovery is denied as moot.

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion for Judgment on the Pleadings (DE 10) is **GRANTED**.

2) Defendant's Motion to Stay Discovery and Stay Compliance with Order Requiring Counsel to Confer, File Joint Scheduling Report and File Joint Discovery Report (DE 11) is **DENIED AS MOOT**.

4) This order shall constitute a final judgment for purposes of Fed. R. Civ. P. 54 and 58.

3) The Clerk shall **CLOSE** this case. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of March, 2011.

_____
KENNETH A. MARRA
United States District Judge